NAT. CASH REGISTER CO. vs. RILEY BROS.   355

SYLLABUS.

The National Cash Register Company, a corporation of the State of Ohio, *vs.* Peter Riley and Thomas Riley, trading as Riley Brothers.

*Replevin—Conditional Sale—New Contract—New Notes; Effect of —Pleading—Corporation; Affidavit Denying—Consideration—New Trial—No Evidence to be Submitted to the Jury.*

1. Where there has been a contract of conditional sale and a new note subsequently given, if the jury believe that said note constituted a new contract between the parties for the absolute sale of the property and superseded the old note; and are also satisfied that there was a sufficient consideration for said agreement, they should find for the defendant.

2. But if they believe that the new note was given simply to take the place of the old note, and merely to extend the time of payment under the original contract, they should find for the plaintiff.

3. Where the action is between the original parties to a contract of conditional sale, the mere extension of the time for payment of the note, or forbearance to take the property after default in payment, is not in itself sufficient to amount to a waiver of plaintiff's right to retake the property.

4. Although there is no allegation in the record that the plaintiff is a corporation, yet the statement that it is such a corporation contained in the writ of replevin, in the caption of the suit where the name and style of the plaintiff is given, together with the repeated references in the narr to such plaintiff, constitute a sufficient allegation to require the defendant to deny the fact under the provisions of the *Revised Code* in that behalf.

5. *Held,* after argument upon a motion for a new trial in this case, that there was no testimony which should have been submitted to the jury tending to show an agreement that the note in question was received in payment or discharge of the original debt; the testimony of the defendant not being inconsistent with the testimony of the plaintiff that the new note was given or received merely to extend the time for the payment of the instalments of the old note that was unpaid.

6. A promissory note given by a debtor to his creditor does not operate as payment or discharge of a pre-existing indebtedness, in the absence of an agreement between the parties that it shall so operate.—New trial ordered.

(*April* 9, 1909.)

Judges Grubb and Pennewill sitting.

*Harry Emmons* for plaintiff.

*Levin Irving Handy* for defendants.

Superior Court, New Castle County, March term, 1909.

ACTION OF REPLEVIN (No. 110, September term, 1908).

PENNEWILL, J., charging the jury:

Gentlemen of the jury:—This is an action of replevin in which the National Cash Register Company, a corporation of the State of Ohio, seeks to establish its right to recover from Peter Riley and Thomas Riley, trading as Riley Brothers, the possession of a certain cash register; and the plaintiff bases its right to recover upon a written instrument, contract or order, dated November 9th, 1905, which contains the following provision:

"It is agreed that the title to the said cash register shall not pass until the purchase price or any judgment for the same is paid in full and shall remain your property until that time. It is expressly agreed that this order shall not be countermanded."

In pursuance of said contract or order, a note was given by the defendants to the plaintiff, for the sum of $220.00, payable in fourteen installments.

After the payment of some of the installments of said note, the defendants gave to the plaintiff a new note for the sum of $175.00, said note bearing date October 31st, 1906.

The important question for you to determine in this case is the purpose for which the last note was given.

It is not denied by the defendants that the original order or contract constituted a conditional sale, and that under it, if it continues in force, the plaintiff had the right to retake by this action of replevin, the cash register, when default was made in the payment of a part of the consideration therefor, and treat any and all payments which may have been made by the defendants as compensation for the use of the machine up to the time of such default.

NAT. CASH REGISTER CO. vs. RILEY BROS. 357

CHARGE.

But the defendants contend that the giving of the new note *ipso facto* terminated the original contract and the right thereunder of retaking the machine. The defendants further contend that the new note was given for the payment of the machine, constituted a contract for an absolute sale thereof, and had no reference to, or connection with, the original contract at all, and was so understood and accepted by the plaintiff.

The plaintiff, on the other hand, claims that the new note was given in the place and stead of the old note, and constituted no new contract but only an extension of the time for the payment of the part of the consideration which had not been paid at the time the new note was given.

We have been asked by the defendants to charge you that the mere giving and acceptance of the new note in itself terminated the original agreement, even though there is no evidence that such was the purpose and intention of the parties. We cannot so charge you.

If you believe from the testimony that the new note constituted a new contract between the parties for the absolute and unconditional sale of the machine, and superseded or terminated the old contract, and shall also be satisfied that there was a sufficient consideration for said agreement, that is, some benefit to be derived by the plaintiff therefrom, your verdict should be in favor of the defendants for such sum as you believe from the testimony was the value of the machine at the time it was taken by the sheriff upon its writ of replevin.

But if you believe that the new note was given simply to take the place of the old note, and intended merely to extend the time of the payments still to be made under the original contract, your verdict should be in favor of the plaintiff, because in such case the new note did not constitute a new contract of sale, did not terminate the original contract nor take away from the plaintiff its right to retake the machine. And even though the new note was intended to be a new contract of sale, yet if there was no suffiicient consideration therefor, that is, some benefit or advantage to be derived by the plaintiff therefrom, it would not have

the effect of taking from the plaintiff its right to retake the register given under the original contract or agreement.

As was said by this Court in the case of the *Duplex P. P. Co. vs. Journal Printing Co.*, 1 *Pennewill*, 565, "We say to you, that when the action is between the original parties to a contract of conditional sale, as in the present case, the mere extension of the time for the payment of the note, or forbearance to take the property after default in payment, is not in itself sufficient to amount to a waiver of plaintiff's right to retake the property.

The extension of time, after the money becomes due, is an act of grace on the part of plaintiff, which is in the interest of the party in default. He is in no way misled by it, and could in no way be injured by it."

We will further say that although conditional sales are not favored in law, and it seems to be neither the policy of the law nor the disposition of courts to extend them further than they are compelled to do, yet under the law of this State they are valid and binding, no matter what the hardships entailed thereby may sometimes seem to be, and where they exist must be recognized and respected by courts and juries too.

We have been asked by the defendants to instruct you to return a verdict in their favor, because there is no allegation in the record that the plaintiff was and is a corporation of the State of Ohio,—their argument being, that although there is no affidavit of the defendants filed denying the fact of such incorporation, such affidavit is not required where there is no allegation in the record, of the incorporation.

We decline to instruct you as requested, for the reason that we think the statement of such incorporation contained in the writ of replevin, in the caption of the suit where the name and style of the plaintiff is given, together with the repeated reference in the narr to such plaintiff, constitute a sufficient allegation to require the defendants to deny the fact under the provision of the *Revised Code* in that behalf.

If you should find for the plaintiff your verdict should be in its favor for costs only, because it has taken and retains posses-

NAT. CASH REGISTER CO. vs. RILEY BROS. 359

VERDICT—NEW TRIAL.

sion of the machine which is the subject of this suit.

If you should find for the defendants your verdict should be for such sum as you believe from the testimony in the case the machine in question was reasonably worth at the time it was taken from them by the sheriff under the writ of replevin issued in the case.

Verdict for defendants for $75.00.

Thereupon, plaintiff's counsel moved for a new trial upon the following grounds:

1. That the verdict was against the law.

2. That the verdict was against the weight of the evidence.

3. That the evidence for the plaintiff was sufficient to entitle it to a verdict and to bar the defendant's claim.

4. That the evidence for the defendant was not sufficient to entitle it to a verdict.

5. That the Court erred in not instructing the jury to render a verdict for the plaintiff, as prayed for by the plaintiff, on the ground that there was no consideration for the alleged new contract set up by the defendant.

After hearing argument upon said motion, the Court held the matter under advisement until the May Term, and on May 20, 1909 (the same Judges sitting), the following opinion was delivered, setting aside the verdict and granting a new trial.

PENNEWILL, J., delivering the opinion of the Court:

A motion has been made for a new trial in the case of The National Cash Register Company, a corporation of the State of Ohio, vs. Peter Riley and Thomas P. Riley, trading as Riley and Brother, in which case the jury rendered a verdict in favor of the defendants for $75.00.

The ground upon which said motion is based is that the verdict rendered was against the law and evidence. After carefully considering the arguments of counsel, the Court have reached a conclusion, and will briefly give the reasons therefor. We may say that although the amount involved in the suit was small, the questions raised by the motion are important.

It is admitted by the defendants that the original contract made with the plaintiff constituted a conditional sale, and that if such contract was in force at the time the writ of replevin was issued, the plaintiff had a right to retake the machine,—cash register—when default was made in the payment of a part of the consideration therefor, and treat all payments which may have been made as compensation for the use of the machine.

In pursuance of the contract a note was given by the defendants to the plaintiff for the sum of $220.00, payable in fourteen monthly installments.

After the payment of some of the installments, and default in the residue, the agent of the plaintiff called upon the defendants and told them they would have to pay the balance of the money or he would take the machine.  After some discussion between the parties the agent suggested that the defendants should give to the plaintiff a new note for the unpaid part of the purchase money.

Such new note was given, and the· question now before the Court for determination is whether such new note was given in absolute payment for the machine, and discharged the original indebtedness, or was merely an extension of the time for the payment of the installments unpaid.

The Court left this question to the jury for their determination, although the plaintiff requested that the jury be directed to return a verdict in its favor.

The defendant testified that the agent of the plaintiff said to him "if I would give him a new note he would let me keep the machine and pay for it, and give me more time  *  *  *  He told me that he would give me more time to pay for the machine if I would give him a new note and keep up my payments."  He also testified that nothing was said about the continuance of the property in the machine in the plaintiff, and that he gave it (the note) in payment for the machine; and thought he bought the machine *  *  *.  The old note was destroyed at the time the new note was given.

The agent of the plaintiff denied that the new note was given

NAT. CASH REGISTER CO. vs. RILEY BROS. 361

ARGUMENT.

and accepted in payment of the machine, or constituted in any wise a new contract for the purchase thereof, but was given and accepted simply as an extension of the time of payment, and subject to the terms of the original contract.

It seems to be an undisputed principle of law that a promissory note given by a debtor to his creditor does not operate as payment or discharge of a pre-existing indebtedness, in the absence of an agreement between the parties that it shall so operate.

In the leading case of *Sheehy vs. Mandeville*, 6 *Cranch* *U. S.* 253, Chief Justice Marshall, rendering the opinion of the Court, said:"That a note, without a special contract, would not, of itself, discharge the original cause of action, is not denied. But it is insisted that if, by express agreement, the note is received as payment, it satisfies the original contract, and the party receiving it must take his remedy on it. This principle appears to be well settled. The note of one of the parties, or of a third person may, by agreement, be received in payment. The doctrine of *nudum pactum* does not apply to such a case; for a man may, if such be his will discharge his debtor without any consideration."

Such being the law, the crucial question before us is, was there any testimony which should have been submitted to the jury tending to show an agreement that the note in question was received in payment or discharge of the original debt.

It is true the defendant testified that the new note was given in payment for the machine, and he thought he bought it. There is nothing in this, however, that even tends to show that the plaintiff so received or accepted the note. According to the testimony of the defendant the plaintiff said, at the time the new note was given: "If I would give him a new note he would let me keep the machine, and pay for it, and give me more time. He told me that he would give me more time to pay for the machine, if I would give him a new note and keep up my payments." Assuming this testimony to be true, which we must do for the purposes of this motion, we find nothing in it to sustain the contention of the defendants that the giving of the note constituted a

new contract between the parties, and was accepted in absolute payment for the machine, or in discharge of the original indebtedness. It seems to us to be not inconsistent with the testimony of the plaintiff, that the new note was given and received only to extend the time for the payment of the installments of the old note that were unpaid, and which installments were made payable monthly, and in the same amounts as in the original note.

It appears to us to be very clear, after a careful examination of the authorities and the testimony, that the only effect the giving of the new note could have was to extend the time of payment and defer, or suspend, the right of the plaintiff to retake the machine, till default should be made in the payment of said note at maturity. Such extension of time did not deprive the plaintiff of his right, under the original contract, to retake the machine after default in the payment of the new note. In the case of the *Duplex P. P. Co. vs. Journal Printing Co.* 1, *Pennewill* 565, this Court said: "We say to you that when the action is between the original parties to a contract of conditional sale, as in the present case, the mere extension of the time for the payment of the note, or forbearance to take the property after default in payment, is not in itself sufficient to amount to a waiver of plaintiff's right to retake the property. The extension of time, after the money becomes due, is an act of grace on the part of plaintiff which is in the interest of the party in default. He is in no way misled by it, and could in no way be injured by it."

We think our conclusion is not in conflict with the case of *Staunton vs. Smith*, 6 *Pennewill*, 193. In that case a new note had been given for the unpaid balance of a former note which had been given in pursuance of a contract of conditional sale. The day after the new note was given the plaintiff issued his writ of replevin for the property conditionally sold. The Court said: "If, as claimed by Staunton, the said note of ninety-five dollars was given by him and accepted by Smith, in payment or renewal of the balance of said note of one hundred and twenty dollars, this (in the absence of an agreement of the parties to the contrary) operated as a discharge of the condition of said agreement, or as

DECISION.

an extension of the time of its performance, until the thirteenth of June, 1906, when said note of ninety-five dollars became due; and until that time, Staunton, and not Smith, had the right to the possession of said horses; and upon the payment of said note of ninety-five dollars before its maturity he would become the owner of said horses."

In that case the trial Court manifestly thought there was evidence that should be submitted to the jury, tending to show that the new note was given in absolute payment of the balance unpaid on the first note. We do not think there was any such evidence in the present case. And, moreover, it does not appear that the question—whether the giving and acceptance of the new note constituted a new contract—was argued or raised in the Staunton case.

The position there taken by the Court in its charge to the jury was identical with that taken by the trial Court in the case now before us. But after full argument of the question, we feel constrained to hold that there was no evidence in this case submitted to the jury which tended to show that the second note was given by the defendant and accepted by the plaintiff in absolute payment for the machine.

The motion for a new trial is granted and the verdict set aside.

NOTE.—At the November Term, 1909, upon a re-trial of the above stated case, a verdict was rendered for the plaintiff.