THE SOUTH BEND IRON WORKS, a corporation of the State of Indiana, vs. FRANK REEDY, Sheriff.

*Case Stated—Replevin—Conditional Sales—Exception—Goods sold for Purpose of Being Resold—Innocent Vendee without Notice.*

The plaintiff sold goods to A. B. for the purpose of being resold by him as a retail dealer, within a specified territory. The sale was made within that territory by A. B. to C. D., *bona fide* for value and without notice of any conditions upon the right to sell. *Held* that C. D. took title to the goods as an innocent holder for value without notice, and in the usual course of trade,—the case being within the exception well recognized in cases of conditional sales.

(*May 12, 1905.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*James H. Hughes* and *Henry Ridgely, Jr.,* for plaintiff.

*Levin Irving Handy* for defendant.

Superior Court, Kent County, April Term, 1905.

ACTION OF REPLEVIN (No.    , October Term, 1901). CASE STATED.

LORE, C. J.:—The case stated discloses the following facts:

That the plaintiff sold to one H. D. Ruos, who was a dealer in agricultural implements doing business at Doylestown in the State of Pennsylvania as a retailer and jobber therein, a large quantity of agricultural implements, to be by him sold within a certain territory named in the contract, title to goods to remain in plaintiff until paid for by H. D. Ruos. The goods were shipped and delivered to the said H. D. Ruos at Doylestown, July 29, 1901, and there within the territory named H. D. Ruos sold to his brother, Joseph A. Ruos, a large portion of the goods so shipped without removing them from the car in which they had been consigned to him. The goods were shipped to Joseph A. Ruos

at Clayton in the state of Delaware, where the latter was in busi-
ness. It is distinctly admitted that the sale so made was *bona
fide* and paid for by being credited on account of an antecedent
indebtedness, of the said H. D. Ruos to said Joseph A. Ruos.
After such delivery at Clayton, Frank Reedy, the defendant in this
suit, as Sheriff of Kent County, levied upon and took the said goods
in possession as the property of the said Joseph A. Ruos upon exe-
cution process against him at the instance of certain of his creditors.
The plaintiff replevied these goods from the sheriff.

The question to be determined by the Court in this case is,
whether at the time the goods were so replevied the right of posses-
sion of the said goods was in the said Joseph A. Ruos or in the said
South Bend Iron Works, the plaintiff in this action.

Many interesting questions were raised and very ably argued
by the respective counsel in this case ; among the questions so raised
was, whether the case should be determined by the laws of Indiana
where the plaintiff made the contract with H. D. Ruos, or by the
laws of Pennsylvania where the sale was made by H. D. Ruos to
Joseph A. Ruos, or in Delaware where the case was being tried.
Again, whether the plaintiff had not replevied the goods before his
right of possession accrued, as the time for payment of the said
goods was in October, and the replevin was sued out in September,
1901. These points the Court deem unnecessary to consider.

One phase of this case the Court deem to be conclusive, even
though it is dealt with as a conditional sale. The goods were con-
signed and sold by the plaintiff to H. D. Ruos for the express pur-
pose of being resold by him as a retail dealer and jobber in such
goods. There was no restriction of his power to resell, except that
such sale should be made within a specified territory. The sale was
made within that territory by H. D. Ruos to his brother Joseph
A. Ruos. The sale is admitted to have been *bona fide* without
notice of any conditions upon the right to sell, and without any
suggestions of fraud or collusion. This being so, Joseph A. Ruos
took title to the goods as an innocent holder for value without notice
and in the usual course of trade. This clearly brings the case within

the exception well recognized in cases of conditional sales. We are clearly of the opinion, therefore, that the right to the possession of the said goods at the time the writ of replevin in this case was issued was in Joseph A. Ruos ; that the plaintiff had no right to replevy them.

In pursuance of the case stated, therefore, we order and direct that judgment be entered in favor of the defendant for the amount agreed upon as the value of the goods at the time of replevin, viz., $603.30 with interest from the date therein named.