KNOWLES LOOM WORKS, a corporation of the State of Massachusetts, *vs.* MARTHA KNOWLES, administratrix of James G. Knowles, and THE EQUITABLE GUARANTEE AND TRUST COMPANY, a corporation of the State of Delaware.

*Replevin—Alleged Conditional Sale—Property made Fixtures by Agreement—Contract; Indicating that Vendor did not Retain Title—Delay in Exercising Right of Taking the Property—Abandonment of Right, presumed—Nonsuit.*

1. Where a contract for the sale of personal property provides, that in case the vendor repossesses himself of the property after default in any payment, and sells the same, in accordance with the conditions of sale, and whatever sum or sums shall be received therefor, above and beyond the amount of the claim of the vendor, shall be paid to the vendee, it clearly indicates that the vendor did not retain title in the property, but merely a lien thereon, and does not constitute a conditional sale.

2. But even if such a contract could be regarded as a conditional sale if the vendor has agreed, under the terms of a mortgage given to him by the vendee, that the property in question should become fixtures, and as such a part of the realty covered by the lien of the mortgage under which the property was subsequently sold by the sheriff, he cannot maintain an action of replevin therefor.

3.  When the vendor delays for about ten years to exercise the right of repossessing himself of the property sold by him a waiver and abandonment of such right against the holder of the mortgage and those claiming thereunder, should be presumed.

*(December* 6, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Charles B. Evans* and *J. Harvey Whiteman* for plaintiff, also *Edward B. West* (of the Philadelphia bar).

*Harry Emmons* for defendants.

Superior Court, New Castle County, November Term, 1906.

ACTION OF REPLEVIN (No. 45, November Term, 1905). Motion for nonsuit.

The facts appear in the opinion of the Court.

BOYCE, J.:—This action of replevin was brought by the plaintiff corporation against the defendants to recover forty-one 40 x 16 Harmer 4 x 4 box looms, alleged to have been delivered to James G. Knowles, one of the defendants, in four several instalments, under as many receipts or agreements signed by the said defendant Knowles and dated October 1, 1894, January 1, 1895, August 1, 1895, and November 1, 1895, respectively. Except as to the number of looms mentioned, the price therefor and the time of payment, the receipts were in the following form:

"Received of Knowles Loom Works, the following described property, to wit:

\*      \*      \*      \*      \*      \*      \*      \*      \*

"And I am to hold the above described looms, etc., solely as the property of said Knowles Loom Works, for which I promise to pay said Knowles Loom Works, the sum of \* \* \* \* \* dollars in gold, as follows, viz:

\*      \*      \*      \*      \*      \*      \*      \*      \*

And I agree that all payments made by me for said property, shall be endorsed on this receipt, and when the sums so paid by me shall amount in the aggregate to the sum of \* \* \* \* \* \* dollars, with (annual) interest (at 6 per cent.) from \* \* \* \*, then said Knowles Loom Works shall sell and deliver to me the

property above described, but until such payment is made by me, I neither claim, nor can I acquire any title whatever, to the property above named. And I agree that I will have said looms, etc., insured for the benefit of Knowles Loom Works to secure them against loss by fire during such time as they shall be held as their property; and that in case of failure on my part to make payment in accordance with the conditions hereby specified, they shall at any time after such default, have the right, and shall be allowed peacefully to take possession of the said machines and remove them from my mill and sell them, and whatever sum or sums may be received for them in accordance with this agreement above and beyond the amount of the claim of Knowles Loom Works shall be returned to"—and here each of these agreements is signed by James G. Knowles.

The first agreement acknowledged the receipt of eleven looms, price $2,200, payable one-fourth, $550, with interest from November 1, 1894, in four, eight, twelve and sixteen months from the date, respectively.

The second acknowledged the receipt of ten looms and twenty warp beams (the latter not being involved in this case), total price $2,032.50, payable one-fourth July 1, 1895, November 1, 1895, March 1, 1896, and July 1, 1896, with interest from February 15, 1895, respectively.

The third acknowledged the receipt of twelve looms, price $2,400, payable $600 in four, eight, twelve and sixteen months from date, with interest from September 3, 1895, respectively.

The fourth acknowledged the receipt of eight looms, price $1600, payable $600 in four, eight, twelve and sixteen months, with interest from November 18, 1895, notes to be given respectively for these payments.

A long time prior to the delivery of the said looms by the said plaintiff to the said Knowles, he the said Knowles and his wife did execute, acknowledge and deliver their indenture of mortgage to Alfred C. Nowland, trustee in trust, bearing date the seventeenth of January, A. D. 1880,—conveying thereby all that certain lot or parcel of land with woolen mill and build-

ings thereon erected, situate in the City of New Castle, New
Castle County, State of Delaware, as fully described therein,
conditioned for the payment of the just sum of $18,000, on or
before the first day of February, A. D. 1884, with lawful interest
from the first day of February, A. D. 1880, payable semi-annu-
ally on the first day of February and of August, in each and
every year, with a forfeiture clause annexed in case of default in
the payment of interest as aforesaid for the space of sixty days,
etc.

The said mortgage contained the following clause:

"Together with all and singular the ways, waters, water
courses, rights, liberties, privileges, improvements, heredita-
ments, and appurtenances whatsoever thereunto belonging or
in any wise appertaining and the reversions, remainders, rents,
issues and profits thereof, and all the woolen and cotton machin-
ery, looms, shafting and boilers that may now or hereafter be
placed or erected on or within the premises, mill or buildings
hereinbefore mentioned and which between the parties hereto
their heirs, executors, administrators and assigns it is hereby
expressly agreed shall be considered fixtures attached to and
part and parcel of the real estate hereinbefore described."

At the November Term of this Court, A. D. 1881, the said
Alfred C. Nowland, Trustee, and mortgagee, instituted his suit
of *sci fa sur le* mortgage for the foreclosure of said mortgage,
and judgment was obtained thereon at the May Term of this
Court, A. D. 1882, for the sum of $18,000, with interest from
February 1, 1881, said judgment being No. 153 as of the last-
mentioned term of this Court.

On the twenty-second day of January, A. D. 1891, the death
of the plaintiff in said judgment was suggested and Ann C. Now-
land, executrix, was admitted party plaintiff, and on the same
day the said judgment was marked to the use of the Equitable
Guarantee and Trust Company, trustee, now one of the defen-
dants in this case, at its own risk and request; which company
had before that time been appointed trustee by the Chancellor
in lieu of the said Alfred C. Nowland, trustee, deceased. On
August 30, A. D. 1904, a *levari facias*, being No. 72 to the Sep-

KNOWLES LOOM WORKS vs. KNOWLES, ET AL. 189

OPINION.

tember Term, A. D. 1904, of this Court, was issued upon said judgment at the suit of use of The Equitable Guarantee and Trust Company, trustee, Ann C. Nowland, executrix of Alfred C. Nowland, deceased, trustee, directed to the then sheriff of New Castle County, who did on the sixteenth day of September, 1904, sell the said lot or parcel of land, with woolen mill and buildings thereon erected, and described in said writ, to The Equitable Guarantee and Trust Company, trustee, for the sum of $20,000, as by the return of the said sheriff on said writ endorsed.

The plaintiff has shown that immediately before and at the time and place of the said sale, it did by its counsel, J. Harvey Whiteman, Esq., give the following notice to all persons in attendance at said sale, viz.:

"I, representing Knowles Loom Works, a corporation, hereby notify any person or persons contemplating bidding at the sale about to take place, that the Knowles Loom Works is the owner of forty-one looms in the woolen mill about to be sold, and that said looms were installed in said mill under an agreement between the said Knowles Loom Works and James G. Knowles, providing that said looms should remain the property of the said Knowles Loom Works, until certain sums of money were paid to the said Knowles Loom Works, by James G. Knowles, and that said sums of money have not been paid.

"You are further notified that the said Knowles Loom Works claims the right to remove said looms from the premises about to be sold, and will remove said looms therefrom.

"J. H. WHITEMAN,
"*Attorney for Knowles Loom Works.*"

The Equitable Guarantee and Trust Company, the purchaser of the said property, and one of the defendants in this action, did, on the twenty-fourth day of October, A. D. 1905, sell the same at public sale to Melville Gambrill.

The plaintiff has shown that immediately before and at the time and place of the last-mentioned sale, it did by its counsel, Charles B. Evans and J. Harvey Whiteman, Esqs., give the following notice to all persons in attendance at said sale, viz:

"Representing the Knowles Loom Works, a corporation under the laws of the State of Massachusetts, we hereby notify any person or persons contemplating bidding at the sale about to take place, that the Knowles Loom Works, a corporation, as aforesaid, is the owner of forty-one 40 x 16 Harmer 4 x 4 box looms in the woolen mills about to be sold and that said looms were installed in and are in said mill under an agreement between the said Knowles Loom Works and James G. Knowles, providing that said looms should remain and be the property of the said Knowles Loom Works, until certain sums of money were paid to the said Knowles Loom Works by the said James G. Knowles and other conditions performed, and that said sums of money have not been paid and that said other conditions have not been performed.

"You are hereby further notified that the said Knowles Loom Works, a corporation, as aforesaid, has issued in the Superior Court of the State of Delaware, in and for New Castle County, a writ of replevin for said looms, that it claims the right to remove said looms from the premises about to be sold and will remove said looms therefrom.

"Chas. B. Evans,
"J. H. Whiteman,
"*Attorneys for Knowles Loom Works.*"

The writ of replevin in this case was issued on the twenty-third day of October, A. D. 1905, and delivered to the present sheriff of New Castle County, who executed the same, and on the twenty-fourth day of October, the day following the issuance of the said writ, and after the sale to Gambrill, left the same in the possession of Gambrill upon his claim of property therein, he giving a property bond to the sheriff therefor.

We have now, as briefly and clearly as we can, stated the facts of this case as disclosed by the evidence introduced by counsel for plaintiff.

At the close of the plaintiff's case, counsel for the defendants moved for a nonsuit (1) because the receipts or agreements under which the plaintiff placed the looms with the defendant

Knowles do not, as he contended, show a conditional but an absolute sale.

(2) And if the sale by the plaintiff to Knowles was a conditional sale, the placing of said looms in said mill, as shown by the evidence, with the consent of the plaintiff, constituted them fixtures, and as such, a part of the realty.

Whatever may be said or urged against conditional sales, they have not only been recognized by, but their binding force and validity have been fully established by the courts of this State. Such sales, in view of the fact that their existence is usually confined to the knowledge of the parties, may very well be regarded with disfavor, and some legislation respecting them would be a public benefit and advantage.

The contracts of sale in this case are different from any heretofore presented to this Court in an important respect. They each contain the following clause:—"and that in case of failure on my part to make payment in accordance with the conditions hereby specified, they shall at any time after such default, have the right, and shall be allowed peacefully to take possession of the said machines and remove them from my mill and sell them, and whatever sum or sums may be received for them in accordance with this agreement above and beyond the amount of the claim of Knowles Loom Works shall be returned to James G. Knowles."

This clause clearly indicates that the plaintiff did not retain the title or property in the looms, but merely a lien thereon; for, in case the plaintiff repossessed itself of the looms after default in any payment in accordance with the conditions of sale, it is manifest that the intention of the parties was that the plaintiff should sell the looms, and whatever sum or sums should be received for the same above and beyond the amount of the claim of the plaintiff should be paid or returned to the defendant. In support of this conclusion we have the case of *Heryford vs. Davis*, 102 *U. S.*, 235, which was recognized and reviewed, but distinguished from the case then under consideration, by this Court in the case of *The Duplex Printing Press Company vs. Journal Printing Company*, 1 *Pennewill* 565.

But even regarding this as a conditional sale, when these looms were, with the consent and approval of the plaintiff—the vendor—placed in the mill of Knowles, in the manner shown by the evidence, they became fixtures, and as such a part of the realty covered by the lien of the mortgage under which the property was subsequently sold by the sheriff to the Equitable Guarantee and Trust Company.

From the long delay on the part of the plaintiff—about ten years—to exercise the right of repossessing itself of the looms, a waiver and abandonment of such right against the holder of the mortgage and those claiming thereunder, should be presumed.

Entertaining the views as thus expressed, we are of the opinion that the motion for a nonsuit should be granted.

*Mr. Whiteman:*—If your Honors please, the plaintiff declines the nonsuit.

*Mr. Emmons:*—If the Court please, I ask for binding instructions.

BOYCE, J., charging the jury:

Gentlemen of the jury:—For the reasons which the Court has just expressed in granting the nonsuit, we direct you to return a verdict for the defendants.

                                        Verdict for defendants.