ALVAN T. FULLER, trading as PACKARD MOTOR CAR COMPANY OF BOSTON, plaintiff below, plaintiff in error, *vs.* WILLIAM J. WEBSTER, defendant below, defendant in error.

1. AFFIRMANCE OF JUDGMENT BELOW ON AN EQUALLY DIVIDED COURT.

The syllabi here are the same as those of the opinion of the court below. 5 Boyce, 538.

2. SALES—CONDITIONAL SALES.

In Delaware, reservation of title in a sale conditioned on payment of the price or otherwise is good as against a *bona fide* purchaser without notice in this state.

3. SALES—CONDITIONAL SALES—REMOVAL OF GOODS.

A conditional vendee cannot deprive the vendor of his property in goods, sold with reservation of title until full payment of the price or otherwise, by an unauthorized removal of the goods from the state, recognizing such contracts, where the sale was made, to a state not recognizing the right of a vendor to reserve title.

4. SALES—CONDITIONAL SALE—CONFLICT OF LAWS.

An automobile conditionally sold in Massachusetts, where such contracts are valid as against *bona fide* purchasers without notice from the conditional vendee, when removed by the buyer to Pennsylvania, where such contracts are not recognized as valid against *bona fide* purchasers, was still subject to the rights of conditional vendor under the law of Massachusetts, where the contract was made, since a contract, in the instant case the only one whereby the vendee could claim any title, is to be governed by the *lex loci contractus*.

5. SALES—CONDITIONAL SALE—CONFLICT OF LAWS.

Where the vendee of an automobile conditionally sold in Massachusetts, where such contracts are recognized as valid against third persons, took the same into Pennsylvania, where such contracts are not so recognized, and sold to a third person with notice, who sold to defendant, a *bona fide* purchaser without notice, who brought the car into this state, where such contracts are recognized as in Massachusetts, the defendant's title to the car was indefeasible, since he had purchased in Pennsylvania, under the rule that the *lex loci rei* determines the status of personal property.

(*October* 27, 1916.)

CURTIS, Chancellor, PENNEWILL, Chief Justice, and RICE and HEISEL, Associate Judges, sitting.

*Andrew C. Gray* (of *Ward, Gray* and *Neary*) for plaintiff in error.

*William S. Hilles* for defendant in error.

Error to the Superior Court for New Castle County, No. 5, June Term, 1915.

Action of Replevin below, No. 94, September Term, 1914.

Action was brought by Alvan T. Fuller, trading as Packard Motor Car Company of Boston, against William J. Webster to recover the possession or value of a certain motor car, to which the plaintiff claimed he was entitled under a contract of conditional sale. Judgment for defendant (5 *Boyce* 538, 95 *Atl.* 336) and plaintiff brings error. Affirmed.

The case coming on to be heard in the court below, counsel for the parties made the following statements in open court:

*Mr. Gray:*—It is agreed, if your Honors please, under *Article* 4, *Section* 23, of the *Constitution* of this State, that this case shall be tried by the court and judgment rendered upon their decision thereon as upon a verdict by a jury.

It is further agreed that the laws of Massachusetts and Pennsylvania may be proven either by the printed copy of the statutes of either state or by printed copies of the reports of either state.

It is further agreed that the motor car taken by the sheriff upon the writ of replevin and returned to the defendant under the bond taken, is the motor car mentioned in the declaration.

It is also agreed that the value of the same is nineteen hundred dollars, with interest at five per cent. from September, twenty-fifth, 1913.

*Mr. Hilles:*—It seems to me there is very little fact for your Honors to determine. Mr. Gray tells me that he is satisfied to admit, as we are prepared to prove, that Mr. Webster purchased this automobile from Mr. Lehne in the City of Philadelphia and State of Pennsylvania, and delivery was made in the City of Philadelphia, State of Pennsylvania, and payment made by Mr. Webster to Mr. Lehne; that Mr. Webster made all his negotiations with Mr. Lehne and was told by Mr. Lehne that he owned the car, that he had bought it and paid for it, and that Mr. Webster is a *bona fide* purchaser for value, without any notice whatever of any claim existing in anybody prior to Mr. Lehne's relation to the car; that he had absolutely no knowledge of the conditional contract and had absolutely no knowledge of any relation between the plaintiff in this case and Mr. Duff and had absolutely no

knowledge of any conditional contract existing between the plaintiff in this case and the Duffs; that he had absolutely no knowledge of any contractual relation existing between the Duffs and Lehne as vendor; but, that in all respects he was a purchaser for value of this car without notice in the City of Philadelphia, and State of Pennsylvania. That is all that we are prepared to prove.

*Mr. Gray:*—That is all admitted. Let us make this admission also, that Mr. Lehne is a financially responsible business man in Philadelphia, and is not a dealer in automobiles.

*Mr. Hilles:*—That is perfectly true.

Mr. Gray directed the attention of the court to certain testimony by depositions filed, taken under commission of the court. Mr. Hilles stated that the defendant had no testimony to offer either direct, or in reply to the depositions filed, and that he was willing that Mr. Gray should state the substance of the testimony filed.

On September, twenty-fifth, 1913, John W. Duff purchased from the Packard Motor Car Company of Boston, under a contract of conditional sale, a Packard Motor Car in the name of his wife, Helen E. Duff, and signed the contract of sale "Helen E. Duff, by John W. Duff, Atty." and at the same time signed two notes in the same manner, one note being for five hundred dollars, the other note for nineteen hundred dollars, both with interest at five per cent. per annum. The five hundred dollar note was paid by him, but the second note for nineteen hundred dollars, plus interest had not been paid and is now overdue. This note fell due on February, seventh, 1914. Negotiations for the purchase of the motor car were conducted and the agreement and notes were signed in Boston, Massachusetts, and the car was delivered to me at or about that time in Boston.

Other testimony of John W. Duff is: "I have had business relations with Mr. Richard W. Lehne of Philadelphia covering a period of several years. Mr. Lehne was in Boston several times during the fall of 1913, and made several trips to the country in my Packard car. As I had stated to Mr. Lehne that I could not afford to keep this car, and as there was a note for nineteen hun-

dred dollars coming due, which I felt I could not meet, Mr. Lehne made me a proposition to take the car off my hands, giving me for my interest in same, certain antique furniture at that time in my store on consignment to the amount of twenty-three hundred dollars.    I stated to Mr. Lehne that I could not give him title to the car as it had been purchased on a contract of conditional sale, and I showed him my copy of the contract, together with the paid note for five hundred dollars.    He stated that the worst thing that could happen would be that he would have to give up the car if it wasn't paid for in full, and that he would take the risk. I delivered the car to Mr. Lehne, and at the same time gave him a receipt for twenty-three hundred dollars.    *    *    *    All of this business was transacted at    *    *    *    Boston, Massachusetts, and the car was delivered to Mr. Lehne in Boston.    I did not notify the Packard Company of this transfer until they requested me to pay the note for nineteen hundred dollars, about two months after Mr. Lehne had taken possession of the car."

It further appears from other testimony, that Lehne afterwards, without the knowledge of the plaintiff, or, as far as appears, without the knowledge of Helen E. Duff, removed the car to Philadelphia, Pennsylvania, and at Philadelphia sold and delivered the car to William J. Webster.    Webster was without any notice whatever of any claim existing in any body prior to Lehne's relation to the car, and had no knowledge of the conditional sale. Lehne was not a dealer in automobiles.

The plaintiff never consented to the transfer of the car to Lehne, nor, its removal from Massachusetts.    The plaintiff presented the nineteen hundred dollar note for payment and it was refused.    He then endeavored to find the car, and in one of his conversations with Mr. Duff informed him that the car was in Philadelphia.    Before it could be located in Philadelphia, it had been sold by the defendent, Lehne, to Webster, and removed to Delaware.    The plaintiff, the vendor under the conditional sale, finding the car in Delaware in the possession of Webster, the defendant, replevied it.    The defendant gave bond and retained possession of the automobile.

The agreement of conditional sale provides, that the title to

the car should remain in the vendor until all notes, etc., shall be paid in cash, and that the vendee "shall not alienate or remove the same or suffer the same to be attached or to be in the real or constructive possession of others.

The assignments of error are confined to the opinion of the court below.

The questions presented by the facts and assignments of error, are stated as follows:

[1]   Did the husband of Mrs. Duff, in Massachusetts, and Lehne have any right to contract in reference to the automobile?

[2]   Did Lehne, by the contract with John W. Duff, secure even a colorable title or right of possession, subject to the conditions of the conditional sale?

[3]   Was not the transfer by John W. Duff to Lehne tortious, so that Lehne never had any title to transfer to Mr. Webster, the defendant?

[4]   Was there any privity between Fuller and Lehne, in regard to the contract of conditional sale?

[5]   The car, not having been taken by Lehne for an antecedent debt, but an attempt having been made to purchase the same from John W. Duff, Lehne having seen the contract of conditional sale and stating that he would take a chance, did Lehne, upon removing the car to Pennsylvania, secure any title or right of possession by the fact of such removal?

[6]   Does such tortious act of Lehne's, in selling the car in Pennsylvania to an innocent purchaser, give such innocent purchaser any title at all, or, in any event, a title superior to the antecedent title of the plaintiff vendor?

### ARGUMENT OF COUNSEL FOR PLAINTIFF IN ERROR.

*First.*   The contract of conditional sale being valid in Massachusetts, as against all the world, the removal of the automobile from Massachusetts to Pennsylvania, against the express conditions of the contract of sale, did not divest the title of the vendor.

*Second.*   Even if the automobile had been removed from Massachusetts to Pennsylvania by Helen E. Duff, the conditional vendee, and by her there sold to Webster, it would have

conveyed no title to Webster as against Fuller, the conditional vendor, for, by the laws of Massachusetts, it is a criminal offense for a conditional vendee to remove from the state and sell personal property received upon a conditional contract of sale. So that, even Helen E. Duff's possession of the property in Pennsylvania would have been tortious.

*Third.* Let us, however, assume that, under the policy of the Pennsylvania laws, if the property had been sold to Webster in Pennsylvania by Helen E. Duff, the rights of the vendor could not be asserted in the Pennsylvania courts against Webster, a *bona fide* purchaser, yet the State of Pennsylvania, recognizing conditional sales, recognizes the title of the vendor, and when they refuse as a matter of policy to allow the vendor, to set up his title against an execution creditor, or an innocent purchaser for value, it is not an assertion of the destruction of the vendor's title or ownership, but a refusal, as a matter of public policy, to permit the vendor the use of the Pennsylvania courts to enforce such title against the class of persons mentioned above.

*Fourth.* Delaware, recognizing conditional sales for all purposes, as Massachusetts does, will, in the exercise of comity, recognize a Massachusetts title which is consonant with the public policy of Delaware, rather than the pretended title secured in Pennsylvania, where the policy of the law contravenes the policy of Delaware.

*Fifth.* In the administration of comity, where there are assertions of two titles, both of which may be deemed to be valid and equal in equity, the elder title will prevail.

*Minor, on Conflict of Laws,* speaks of the "proper law," using the phrase as "that law which, upon general principles, is the proper law to govern the case."

He shows, beginning at *chapter* 2, *section* 5, the exceptions to the application and enforcement of a foreign law. The first two are relevant to the questions in this case. They read:

"1.    Where the enforcement of the foreign law would contravene some established and important policy of the state of the forum.
"2.    Where the enforcement of such foreign law would involve injustice and injury to the people of the forum."

Arguments.

This second exception has, however, been overruled in adjudicated cases, and the courts, by the modern rule, make no difference between the rights of foreign citizens and of foreigners in their forums. *Taylor v. Boardman*, 25 *Vt.* 582; *Minor on Conflict of Laws*, *Sections* 15 and 130.

The nearest case in point upon its facts that we have been able to find to the case at bar, is the case of *Edgerly v. Bush*, 81 *N. Y.* 199.

If the title was once valid, no taking of the property into the limits of another state can render it void. *French v. Hall*, 9 *N. H.* 137.

The policy of Pennsylvania may refuse to vendors under agreements of conditional sale, the right to use the courts of Pennsylvania for the assertion of their title, as against execution creditors or *bona fide* purchasers, but, although we frequently meet with the assertion that all property within a certain territory is absolutely subject to the control of its sovereign, it does not necessarily follow that the sovereign has absolute control over the rights of the former owner of such property. It should not be forgotten that the contract of sale between Fuller and Helen E. Duff forbade the removal of the property and that the property was taken into Pennsylvania in violation of this agreement and without the knowledge and against the consent of Fuller, the plaintiff.

Whenever property is in the territory of a state with the consent of the owner, the state has power, not only over its physical disposition, but also over the owner's title, which he has impliedly subjected to the control of the state by placing his property under its protection. Although a state can control the possession of property brought within it, without the consent of its owner, it is submitted that, since he has not subjected his title to its control, it has no power to effect title, unless it has personal jurisdiction over him. This is somewhat analogous to the rule, that a creditor could not be deprived of his right by his debtor's discharge in insolvency, given by a state in which the creditor is not domiciled and to whose jurisdiction he has not submitted. *Baldwin v. Hale*, 1 *Wall.* 223.

*Harkness v. Russell*, 118 *U. S.* 663, is elaborate and exhaustive upon conditional sales.

If Lehne had purchased from Helen E. Duff, he would have secured no title which he could carry with him into Pennsylvania. Lehne, therefore, could in Pennsylvania transfer to Webster, an innocent purchaser for value, no title or right greater than that which he had. *Weinstein v. Freyer*, 93 *Ala.* 257, 12 *L. R. A.* 700, is an authority for our assertion, that, by the pretended sales by Lehne to an innocent purchaser in Pennsylvania, the title of Fuller, the conditional vendor, was not divested.

Pennsylvania recognizes the well known principle, that a contract given in a state in which it is made, will be held valid and enforceable according to the *lex loci contractus*, except where it contravenes the public policy of Pennsylvania.

*Forepaw v. Delaware &c.*, *R. R. Co.*, 128 *Pa. St.* 217; *Army-tage v. Spahn*, 4 *Dist. Reps.* (*Pa.*) 270.

Pennsylvania courts recognize the general principle of the law; *i. e.* that the law of the place of the contract will be observed, unless it contravenes the public policy or law of the state where the property is found.

This property has been found in Delaware, which recognizes conditional sales as fully as Massachusetts. The policy of our state is the same as Massachusetts, and differs from the policy of Pennsylvania. Fuller comes into the courts of Delaware and asks that his title, which is consistent with the policy of Delaware be enforced, as against the pretended title of Webster, secured, if any title was secured, under the policy of Pennsylvania, which is inconsistent with the policy of Delaware.

Fuller is in this state not only asking that, in the exercise of comity, Delaware will uphold a policy which comports with the policy here, as against a policy inconsistent therewith, but also asking the courts of Delaware to pay heed to the maxim which has so often been laid down, as to the title of personal property, *i. e.*, even if Lehne took a colorable title in Pennsylvania, Fuller was not divested of his title, and that therefore, in equity, both titles being at least equal, the one prior in time should be sustained *Taylor v. Boardman*, 25 *Vt.* 582; *Studebaker Bros. Co. v. Mau,* 80

*Pac. Rep.* 151, and *S. C.* 1; *Minor on Conflict of Laws, Sects.* 129, 130 and 132; *Smith v. National Bank,* 5 *Peters* 518; *Story on Conflict of Laws, Sec.* 38, citing *Bank of Augusta v. Earl,* 13 *Pet.* 519 (589).

*Taylor v. Boardman* (*supra*) is very close to the facts and principles involved in the case at bar. See also *Martin v. Hill,* 12 *Barb.* 631 (635); *E. I. duPont deNemours & Co. v. Jones Bros.,* 200 *Fed.* 638.

In other words, it would seem from the authorities that the *lex fori et sitae* must prevail, and, Delaware recognizing conditional sales and therefore the validity of the conditional sale in Massachusetts, the Massachusetts vendor may pursue his property, and if found within the State of Delaware, secure possession of it. For, even if Lehne had a colorable title, by which an innocent purchaser for value from Lehne could secure and maintain a possession against all the world in Pennsylvania, yet, such a title in this case cannot prevail against the title of the plaintiff in the Delaware courts, because the Delaware courts recognize to their full extent conditional sales, and therefore the law in Massachusetts is agreeable to our law and public policy, while the law of Pennsylvania is repugnant thereto.

At most Webster can only claim a title under comity, and where two titles appear which should be recognized by comity, the one superior in time will prevail.

*Sixth.* Pennsylvania recognizing contracts of conditional sale, Lehne, in Pennsylvania, could give to Webster, an innocent purchaser for value, no better title than he, Lehne, had.

*Seventh.* Under the laws of Massachusetts, a husband cannot use his wife's property for the payment of his debts.

*Eighth.* As a corollary to the preceding proposition, Lehne's possession of the automobile was (a) with knowledge of the contract of conditional sale to Helen E. Duff, (b) without her consent, and therefore tortious, and he succeeded to no rights of Helen E. Duff in the automobile.

*Ninth.* The removal of the car from Massachusetts, being in contravention, not only of the covenants of the agreement of conditional sale, but also in contravention of the criminal statute

of Massachusetts, and there being no privity between Helen E. Duff, the conditional vendee, and Lehne, whose possession was tortious, the question of conditional sale is eliminated from this case.

*Tenth.* Lehne, having secured possession of the automobile tortiously and without the knowledge of Fuller, the vendor, or Fuller's conditional vendee, Lehne obtained no title to the property, absolute or qualified, as against Fuller, the vendor, and Fuller, the vendor, could have recovered possession of the property from Lehne, or an innocent purchaser for value from Lehne, even in the courts of Pennsylvania.

"Whoever embezzles or fraudently converts to his own use money or personal property, should be deemed guilty of simple, larceny." *Public Statutes* of *Mass., Chap.* 203, *Sec.* 37. See also *Commonwealth v. Kelly,* 184 *Mass.* 320.

Mrs. Duff had the right to hold separately and independently of her husband, real and personal property. *Public Statutes* of *Massachusetts, Chap.* 153, *p.* 1359. Also, by the *Public Statutes* of *Massachusetts,* a person, having the possession of personal property upon a conditional contract of sale, who sells or conceals or aids in concealing the same, is guilty of a misdemeanor, punishable by fine or imprisonment.

An act of conversion inconsistent with the purposes of the bailment, constitutes "larceny as bailee" or embezzlement. 25 *Cyc.* 68. Lehne knew that the conditional contract of sale was with Helen E. Duff and that John W. Duff was a stranger thereto.

The limitation of an agent's power to se1 or dispose of the property of his principal in his possession, is fully set out in the note appended to the case of *Gerard v. McCormick,* 14 *L. R. A.* 234, which fully sustains the proposition, that John W. Duff had no implied authority even, to turn the automobile over to Lehne for his personal debt, and that under the circumstances Lehne was charged with knowledge of the want of authority of Duff.

Under the facts in this case, Lehne, knowing of the contract of conditional sale and being chargeable with knowledge of the public laws of Massachusetts, where the transaction took place, fraudulently and knowingly aided and abetted John W. Duff to

convert to his own use the automobile, which act, under the laws of Massachusetts, was larceny.

The case at bar is much stronger in its facts than the case of *McBain v. Seligman*, 58 *Mich.* 294.

The case of *Turner v. Hoyle*, 8 *S. W.* 157 (*Mo.*) is on this point illuminating and instructive.

Under these authorities the attempted unconditional purchase by Lehne in Massachusetts was a conversion, and Lehne acquired nothing which he could convey in Pennsylvania.

To sum up, we respectfully maintain that the laws and public policy of Pennsylvania did not divest Fuller of his title, and that, even if there was privity between Lehne and Helen E. Duff, so that Lehne stood in the shoes of Helen E. Duff, in the exercise of comity, the courts of Delaware will support the title of Fuller, first, because it is a title which is recognized as good under the policy of our laws, while Webster's title was obtained under a policy repugnant to our laws; second, because the removal of the property from Massachusetts, being without Fuller's consent, even allowing that Fuller and Webster both have title to the car, the equity of Fuller's title is superior; third, even if it be held that Fuller and Webster have titles equal in equity, Fuller's title will be enforced in our courts, because superior in time.

Under the facts in this case, however, it would appear that Lehne obtained possession of the automobile with cognizance of the contract of conditional sale, without the knowledge of either Fuller, the vendor, or Helen E. Duff, the vendee, and that he participated in a conversion of the property by John W. Duff in payment of a debt of John W. Duff to him, Lehne, and such a conversion is made, under the public statutes of Massachusetts, larceny. Such a possession by Lehne was tortious, and could confer upon an innocent purchaser from Lehne no title superior to such title as Lehne might have.

Lehne's possession of the car being a tortious conversion, the doctrine of conditional sales, as administered in Pennsylvania, can have no application, and Fuller, the plaintiff, being, under the laws of Massachusetts, the owner and entitled to possession, can regain possession of his property, wheresoever it may be found.

ARGUMENT OF COUNSEL FOR DEFENDANT IN ERROR.

It appears from the plaintiff's testimony that in the purchase, possession, use and disposal of the car, Duff was acting as attorney for his wife in whose name he had placed the car which was purchased and paid for by him. There is not a suggestion that Mrs. Duff has any interest in the car, nor that Duff was not acting for himself in his wife's name and with whatever authority was necessary for him so to do.

The sale from Duff to Lehne took place on, etc., and the car was taken by Lehne to the City of Philadelphia, State of Pennsylvania. There is no suggestion that it was so taken for any unlawful purpose, or with any intention on the part of Lehne of reselling the car in Pennsylvania. Lehne's residence was in Philadelphia. The sale from Duff to Lehne was made prior to the maturity of the note for nineteen hundred dollars, given in part payment for the car. At the time of the sale from Duff to Lehne, Duff's possession of the car was not tortious and was in strict conformity with the provisions of the conditional sale contract.

The declaration sets forth — and there is no further evidence on the subject—that on or about, etc , Lehne sold the car to Webster in the City of Philadelphia, State of Pennsylvania; that the car was there delivered and payment made and that Webster was a *bona fide* purchaser for value of the car in Pennsylvania and had no knowledge of any relation which Duff or the Packard Company had thereto. The car was afterwards removed by Webster to his home in Wilmington, Delaware, and in due course was replevied under the writ issued in this cause, Webster giving a counter-property bond.

The contract between Duff and the Packard Motor Car Company is a contract of conditional sale and not a mere bailment or hiring. There can be no question that under the general law as well as under the law of the State of Massachusetts, Duff (and I care not whether it was Mrs. Duff acting through her husband or Duff acting for himself) had an undoubted right to sell whatever interest he had in the car, notwithstanding the provision of the contract of conditional sale against alienation or removal.

In *Dame v. Hansen*, 212 *Mass*, 124, 40 *L. R. A.* (*N. S.*) 873,

the Massachusetts cases on this subject are reviewed and the court reiterated the conclusion theretofore reached in the prior decisions and affirmed the right of the conditional vendee, notwithstanding such a prohibition to sell whatever interest he had in the car.

There was not only nothing contrary to the law of Massachusetts in what Duff did, but there is an utter lack of evidence which discloses any fraudulent or corrupt motive on Duff's part in selling whatever interest he had in the car to Lehne. There was not only nothing tortious about the transaction, but there was likewise no conversion of the property by Lehne. And the authorities cited by the learned counsel, based upon tortious acts, and the effort to transfer property thereby, including what he terms the leading case of *Edgerly v. Bush*, 81, *N. Y.* 199, are wholly inapplicable.

It is settled, not as a principle of comity, but as a basic principle in the law of titles to property that the law of the jurisdiction where a sale of personal property is made, and where the property is itself located, governs the validity, effect and construction to be placed upon the sale. 35 *Cyc.* 666, and cases cited; 1 *Wharton's Conflict of Laws*, § 297, *et seq, Cammell v. Sewell*, 5 *H. & N.*, 728; *Weinstein v. Freyer*, 193 *Ala.* 257; *s. c.* 12 *L. R. A.* 700; *Public Parks Amusement Co. v. Co.*, 64 *Ark.* 29; *s. c.* 40 *S. W.* 582; *Bryant v. Swofford & Co.*, 214 *U. S.* 279; *Minor's Conflict of Laws*, § 128.

It is settled in Pennsylvania that a *bona fide* purchaser without knowledge, of property which is the subject of a conditional sale, takes a good and indefeasible title to such property and that it is discharged from the conditions contained in the contract of conditional sale. *Marsh v. Mathio*, 14 *S. & R.* 214; *Rose v. Story*, 1 *Pa. St.* 190; *Chamberlain v. Smith*, 44 *Pa. St.* 431; *Stadtfeld v. Huntsman*, 92 *Pa. St.* 53; *Dearborn v. Raysor*, 132 *Pa. St.* 231; *Farquhar v. McAlevy*, 142 *Pa. St.* 233; *Electric Co. v. Brown*, 193 *Pa. St.* 351; *Roller Co. v. Spyker*, 215 *Pa. St.* 232; *Note*, 25 *L. R. A.* (*N. S.*) 790; *Harkness v. Russell*, 118 *U. S.* 663; *York Mfg. Co. v. Cassell*, 201 *U. S.* 344; *Flint Wagon Works v. Maloney*, 3 *Boyce* 137, 143, 144.

It is admitted that the law of Massachusetts on this subject is not the same as the law of Pennsylvania, and that the law in Delaware does not protect the title of a *bona fide* purchaser from a vendee under a contract of conditional sale. *Flint Wagon Works v. Malony*, 3 *Boyce* 137.

Did Webster under his purchase from Lehne in Pennsylvania take title to the automobile as a *bona fide* purchaser for value without notice under the law of the State of Pennsylvania, or is the law of Massachusetts, or the law of Delaware to govern the effect of the sale made to Webster in Pennsylvania?

Not a single case even remotely bearing upon this point has been cited. The text-book writers and the authorities are unanimous in holding that the effect of the sale in Pennsylvania is to be governed by the law of that state, and that the courts of all other states, including Massachusetts and Delaware, are bound to recognize the title which Webster acquired under a sale made in the State of Pennsylvania and which could be controlled only by the laws of the State of Pennsylvania.

See *Williston on Sales*, § 339, *page* 540; also *Minor's Conflict of Laws*, § 130.

The leading cases on this subject to which the attention of the court is particularly directed are: *Marvin Safe Co. v. Norton*, 48 *N. J. L.* 410; *Weinstein v. Fryer*, 12 *L. R. A.* 700.

The courts of the State of Massachusetts, which recognize the rights of the vendor, however, hold that where the vendee, having purchased goods by a conditional sale sells to a *bona fide* purchaser before the day of final payment, and the latter again sells it before such time to a second *bona fide* purchaser, the latter is not liable to the original owner. *Vincent v. Cornell*, 30 *Mass.* 294; *Burbank v. Crooker*, 73 *Mass.* 158.

The brief of the learned counsel for the plaintiff in error is mainly confined to a discussion of two propositions; (1) that a court in this state will not extend the doctrine of comity to the point of violating some principle of internal policy; and (2) that Duff did not have authority from Mrs. Duff to make the sale to Lehne.

It is submitted that neither of these contentions has any

application to the case now before this court. The question is simply a question of fact, namely, whether the sale made in Pennsylvania was a valid sale under the law of the State of Pennsylvania which could alone control and govern the transaction. An examination of the cases cited relating to the question of comity, discloses that none of them have even a remote bearing upon the question here presented for determination. On this point, the case of *Flint Wagon Works v. Maloney*, 3 *Boyce* 137, is of interest.

On the second point, namely, the authority of Duff to dispose of his wife's property, I am at an utter loss to understand how, under the evidence, or as a matter of law, the contention made by the learned counsel has any application to the matter before the court. The plaintiff in error is not Mrs. Duff, nor does it claim any title or interest in the automobile under Mrs. Duff, and so far as the evidence discloses, Mrs. Duff never saw, heard of or had in her possession the automobile in question. It was purchased by Duff, delivered to Duff, paid for in part by Duff, and sold by Duff. The plaintiff made its demands for payment upon Duff and in every way from the beginning to the ending of the transaction looked to Duff, and not Mrs. Duff, for all matters involved in this litigation. This court certainly cannot in view of the facts presented, come to any other conclusion than the only one which appears from the testimony in the case which is that Duff acted in this matter with Mrs. Duff's full approval, and without a suggestion of dissent or the possibility of dissent by her at this time. The only safe rule and the one uniformly adopted by all civilized communities is that a sale of personal property, valid by the laws of the State where it is made, is valid everywhere. And not only the Courts of Delaware, but the Courts of Massachusetts as well would be bound to recognize and give effect to the sale made in conformity with the laws of the State of Pennsylvania.

*Per Curiam:* And now, to wit, this twenty-seventh day of October, A. D. 1916, the above cause having been duly heard in this court by Chancellor Charles M. Curtis, Chief Justice James Pennewill, and Associate Judges Herbert L. Rice and Thomas

Bayard Heisel, and there being an equal division of opinion among the Judges who heard the cause respecting the matters assigned in this court as error in the court below,

IT IS ADJUDGED AND ORDERED that the judgment of the Superior Court of the State of Delaware, in and for New Castle County in said cause for William J. Webster, the defendant below and defendant in error, be and it is hereby affirmed; and that the costs of said cause in this court, hereby taxed at the sum of sixteen dollars and seventy-three cents be paid by Alvan T. Fuller, the plaintiff below, plaintiff in error.

AND FURTHER THAT a duly certified copy of this order be transmitted by the Clerk of this Court to said Superior Court.

Signed by all the Judges.