FRANK A. STARR and CLIFFORD H. OAKERSON *vs.* JOHN GOVATOS and NICHOLAS GOVATOS, trading as GOVATOS AND BROS., JOSEPH H. GOULD, SHERIFF.

(*July* 13, 1925.)

Rice and Harrington, J. J., sitting.

*P. Warren Green* for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, November Term, 1924.

No. 80, May Term, 1922.

Rice, J., delivering the opinion of the Court:

The following agreed statement of facts was filed in this case:

"1. March 1, 1922, a certain partnership, Heimbach & Brinkman, sold Lyman W. Medes, at Camden, New Jersey, a Maxwell touring car for nine hundred eighty-five dollars ($985.00) subject to the conditions of a contract of conditional sale attached hereto, marked Exhibit A; that said contract was recorded in the office of the Register of Deeds at Camden, New Jersey, on March 6, 1922.

"2. The Uniform Conditional Sales Act is and was in force in New Jersey at the time of the making of said contract, and said Uniform Conditional Sales Act for New Jersey is identical with *Chapter* 192, *Volume* 30, *Delaware Laws.*

"3. Said Lyman W. Medes pursuant to conditions of said contract of conditional sale, at execution thereof, paid said Heimbach & Brinkman the sum of four hundred and fifty dollars ($450.00).

"4. Thereafter said contract was assigned by Heimbach & Brinkman to Frank A. Starr and Clifford H. Oakerson, trading as Starr & Oakerson, plaintiffs in said action.

"5. The said Lyman W. Medes, pursuant to the conditions of said contract paid said Starr & Oakerson the sum of fifty-three dollars ($53.00) on April 1, 1922.

"6. John Govatos and Nicholas Govatos, two of the defendants in this action, commenced action of foreign attachment against the said Lyman W. Medes, being No. 72 to May Term, 1922, in the Superior Court of the State of Delaware, in and for New Castle County, and Sheriff attached said Maxwell touring car on April 7, 1922, as the property of said Lyman W. Medes.

"7. On April 12, 1922, the said Starr & Oakerson commenced this action wherein the coroner replevined said Maxwell touring car from said Govatos & Bro. and said Sheriff, delivering the said Maxwell touring car to Starr & Oakerson on April 19, 1922. Said Starr & Oakerson removed said Maxwell touring car to Camden, New Jersey, on said April 19, 1922, where said Maxwell touring car was delivered to said Lyman W. Medes and has remained in his possession since that time.

"8. It is agreed that this case be tried by a Judge without a jury.

"9. It is agreed that if the Court shall find for the plaintiff in this suit, that the Court shall give judgment for said plaintiffs for six cents with costs; that if the Court shall give judgment for the said defendants, the judgment shall be for the return of said automobile or for the sum of four hundred and sixty-eight and 84/100 dollars ($468.84)  (the amount of plaintiffs' claim in said action, No. 72, May Term, 1922) with interest from February 22, 1922, together with costs of said action and the case at bar, each party reserving the right to sue out a writ of error therein, the defendants reserving the right to raise the point, if judgment should be given for said defendants, whether said judgment should not be for the said sum of four hundred sixty-eight and 84/100 dollars ($468.84), with interest from February 22, 1922, rather than for the return of said motor car, said car having been in use from the date when it was replevined by said plaintiffs to the present time."

In the lease, a copy of which is annexed to the above statement of facts, the lessee agreed to pay $450 upon the execution and delivery of the lease and $53 per month for twelve months, beginning April 1, 1922. The lessee covenanted not to dispose of the automobile during the continuance of the lease without the written consent of the lessor and to "keep said motor vehicle, attachments and equipment free and clear of and from any and all liens and incumbrances." Upon the failure of lessee to keep and perform his covenants, the lessor had the right to take immediate possession of said motor vehicle, attachments and equipment wherever they might be found.

It is not necessary to consider the character of the agreement between the original parties to the contract, because in conformity with the decisions in this state it is agreed that the contract in question is one of conditional sale, and it is also agreed that the Uniform Conditional Sales Act for New Jersey (*P. L.* 1919, *p.* 461) is identical with the Uniform Conditional Sales Act of this State.

Following the common-law rule, conditional sales contracts have been uniformly held to be valid and enforceable in this state even before the passage of the Uniform Conditional Sales Act found in *Volume* 30, *Laws of Delaware, Chapter* 192. *Watertown Co. v. Davis*, 5 *Houst.* 192; *Truax v. Parvis*, 7 *Houst.* 330, 32 *A.* 227; *Forbes v. Martin*, 7 *Houst.* 375, 32 *A.* 327; *Mathews v. Smith*, 8 *Houst.* 22, 31 *A.* 879; *Ott v. Specht & Spahn*, 8 *Houst.* 61, 12 *A.* 721; *Young v. Argo*, 1 *Marv.* 156, 40 *A.* 719; *Duplex Printing Press Co. v. Journal Printing Co.*, 1 *Penn.* 565, 43 *A.* 840; *Knowles Loom Co. v. Knowles*, 6 *Penn.* 186, 65 *A.* 26; *South Bend Works v. Reedy*, 5 *Penn.* 361, 60 *A.* 698; *Townsend v. Melvin*, 5 *Penn.* 495, 63 *A.* 330; *Staunton v. Smith*, 6 *Penn.* 196, 65 *A.* 593; *National Cash Register Co. v. Riley*, 7 *Penn.* 355, 74 *A.* 362; *Smith v. Kemether*, 1 *Boyce* 572, 76 *A.* 482; *Lingo v. Abbott*, 3 *Boyce* 413, 84 *A.* 950; *Fuller v. Webster*, 6 *Boyce* 297, 99 *A.* 1069; *Continental Guaranty Corporation v. People's Bus Line*, 31 *Del.* (1 *W. W. Harr.*) 595, 117 *A.* 275; *Flint Wagon Works v. Maloney*, 3 *Boyce* 137, 81 *A.* 502.

The fourth section of the Uniform Conditional Sales Act, as passed in this State, is clearly an acceptance of the common-law rule except as it may be modified in relation to the rights of third persons by the requirements of filing the contract as provided in subsequent sections.

Under the terms of *Section* 4, where there has been a compliance with the statutory requirements of filing, every provision in a conditional sales contract is valid as to all persons, and, therefore, it would seem that the rights of a conditional vendor in property sold under a conditional sales contract would be the same as in any other chattel owned by him subject always, however, to the provisions of the contract.

The contract in this case provided that the vendee should keep the motor vehicle, attachments and equipment free and clear of and from any and all liens and incumbrances. That the attachment of the automobile by the creditors of the vendee constituted a lien or incumbrance, we believe, cannot be seriously questioned. Was it a lien or incumbrance within the terms of the

contract as intended by the parties? Counsel for the attaching creditors, the defendants in this case, argues that the contract should be construed to refer to voluntary liens and incumbrances only and not to include involuntary ones. The case of *Dover Glass Works v. American Ins. Co.*, 1 *Marv.* 32, 29 *A.* 1039, 65 *Am. St. Rep.* 264, is cited as authority on this point.

In the case reported in 1 *Marv.* the action was based upon a contract of insurance covering real and personal property and insured had contracted, "not to sell or transfer the property insured or incumber the same without notice to the company." The Court held this language to refer to involuntary incumbrances only. The language of the condition in the contract under consideration is far more comprehensive than in the policy in the insurance case. The conditional vendee agreed to keep the motor vehicle free and clear of and from any and all liens and incumbrances, and it cannot be said that this language can refer only to voluntary liens and incumbrances and cannot include involuntary ones. Considering the words used in connection with the general purpose of the contract, to retain title in the vendor, and the comprehensive language used in the many conditions incorporated in the contract, to keep secure and protect for the vendor the automobile while in the possession of the vendee, and also considering the words in connection with the general provisions and language of the entire contract, we believe the conclusion must be, and it is our opinion, that the parties intended by the use of the term to include involuntary liens and incumbrances as well as voluntary ones.

If, as we have found, the contract included involuntary liens and incumbrances, then under the terms of the contract the attachment of the automobile by the creditors of the vendee would constitute a lien, and thereupon there was a failure of performance of the condition to keep it free and clear of incumbrances on the part of the vendee. Examining the contract to ascertain the rights of the vendor after default by the vendee, we find it expressly provided that the vendor had the right to take immediate possession of the motor vehicle, attachments and equipment wherever they might be found.

This provision in the contract seems not to be in conflict with any provision of the Uniform Conditional Sales Act, but on the other hand it appears to be in strict conformity therewith. *Section 16* of the act provides:

"When the buyer shall be in default in the payment of any sum due under the contract, or in the performance of any other condition which the contract requires him to perform in order to obtain the property in the goods, or in the performance of any promise, the breach of which is by the contract expressly made a ground for the retaking of the goods, the seller may retake possession thereof."

The vendor being in default by reason of his failure of performance of an undertaking or promise by him required to be performed under the terms of the contract, then likewise under the terms of the contract the vendor had the right to repossess himself of the automobile. In bringing the action of replevin the vendor asserted his right under the terms of the contract to take possession of such automobile.

Counsel for the defendant contends that at the time the attachment was laid the right to the possession of the automobile was in the vendee, and the attaching creditors thereupon succeeded to the vendor's right in this respect, and, therefore, at the time this action of replevin was commenced, the right to the possession of the property was not in the plaintiffs. This contention might be a meritorious one if the facts of the case were different from what they are, for certainly if the property was not in the plaintiffs with a consequent right of immediate possession the plaintiffs would not be entitled to judgment in this cause. But we have already found under the facts that the vendee was in default at the time the suit was commenced and that under the terms of the contract the vendor had the right, if he chose to exercise it, to retake the automobile after the vendee had failed in the performance of a promise or undertaking which he was required to perform under the contract. Any rights which the attaching creditors had to the possession of the property would be subservient to the rights of the vendor as secured by the contract, and if the vendor should determine, as he did in this case, to enforce his right to the possession of the

property, his right in this respect must prevail over the right to possession by the vendee or the creditors of the vendee.

The contention is also made that the reservation of title by the vendor was as security for the payment of the purchase price, and was in the nature of a lien on the property by the vendor. The case of *Continental Guaranty Corporation v. People's Bus Line*, 31 *Del.* (1 *W. W. Harr.*) 595, 117 *A.* 275, is cited as an authority on this proposition. In that case the Court said:

"*Section* 13 of the act clearly indicates that the reservation of title by the vendor is in the nature of security and not as absolute owner."

We do not understand this language to mean that the retention of title by the vendor would be invalid or that the lawful terms of the conditional sales contract could not be enforced by the vendor, we believe what was meant is that the title of the vendor in a conditional sales contract is not absolute in the sense that he can convey title to the chattel free from the rights of the conditional vendee, or otherwise deal with the property in a manner inconsistent with the contractual and statutory rights of the vendee. This contention of counsel if sustained would make ineffective many provisions of the usual conditional sales contract, and especially the condition under consideration in the contract now before the Court, and we believe would be in direct conflict with the provisions and general purpose of the Uniform Conditional Sales Act. It would, in effect, to some extent, if not largely nullify the provisions of *Sections* 4 and 16. *Section* 4 provides:

"Every provision in a conditional sale [contract] reserving property in the seller after possession of the goods is delivered to the buyer shall be valid as to all persons, except as hereinafter  *  *  *  provided."

The *proviso* has general reference to the filing requirements of the act, and several other conditions not present in this case, and *Section* 16 deals with the right of the seller to retake the goods when the buyer is in default in any condition or promise.

Counsel for the defendant filed an exhaustive brief covering many features of the law relative to conditional sales contracts. Many of his arguments, however, were based on the assumption that there had not been a default on the part of the vendee at the

time of the commencement of this action of replevin. In view of our finding that the vendee was in default at that time, we consider some of the arguments of counsel for the defendant as not being in point.

We are of the opinion that the failure of the vendee to keep the motor vehicle free and clear of and from all liens and incumbrances, constituted a breach of condition on the part of the vendee such as would entitle the vendor to take possession of the property under the terms of the contract, and that the bringing of this action of replevin by the plaintiffs was a demand on their part (*Rev. Code 1915, Sec. 4187*) for the possession of the property, to the possession of which they were entitled at the time.

For the reasons stated, under the agreed statement of facts, we direct that judgment be entered in favor of the plaintiffs and against the defendants for six cents, with costs.