### ARCHIE B. LINGO *vs.* RUFUS A. ABBOTT.

SALES—CONDITIONAL SALE—RECOVERY OF ARTICLE—DILIGENCE.

One who sells a mare, title to remain in the seller till the purchase-money note is paid, does not lose right to recover her because not bringing replevin till after the second term of court after the failure to pay; he not having been able to locate her sooner, though using diligence to do so, and having issued his writ as soon as practicable after locating her.

(*April* 12, 1912.)

PENNEWILL, C. J., and RICE, J., sitting.
*John M. Richardson* for plaintiff.
*Robert G. Houston* for defendant.
Superior Court, Sussex County, April Term, 1912.

ACTION OF REPLEVIN (No. 325, February Term, 1912) for the recovery of a mare, delivered to the defendant under a conditional sale.

The facts appear in the charge to the jury.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—This is an action of replevin brought by the plaintiff, Archie B. Lingo, against the defendant, Rufus A. Abbott, for the recovery of the possession of one large claybank mare, which the plaintiff alleges the defendant unlawfully detained from him at the time the writ of replevin was issued.

The plaintiff claims that he traded the mare in question with one Peter J. Joseph, April 1, 1909, taking in the exchange a judgment note of Joseph for $75, payable April 1, 1911. There was incorporated in said note the following provision:

"It is mutually understood and agreed that the title of the said big claybank mare, for which this note is given, is to remain the property of the said Archie B. Lingo until this note is paid in full."

It is not questioned that conditional sales are legal and binding in this state; and we instruct you that under the law and the clear intentions of the parties, as manifested by the provision mentioned, the contract made by the plaintiff and Joseph constituted a conditional sale. Indeed this is not denied by the defendant.

By this instrument the right of possession of said mare was vested in Joseph until he should fail to perform the condition of sale, viz., the payment or satisfaction of the note of seventy-five dollars, therein mentioned, on or before the first day of April, 1911, when said note became due; and upon the performance of said condition by Joseph, on or before the said date, the said mare would become his property.

The title, or ownership of said mare was to remain in Lingo until the performance by Joseph of said condition, and upon the failure of Joseph to perform said condition, Lingo had the right to take said mare from the possession of Joseph, and to issue his writ of replevin for that purpose, unless the plaintiff Lingo, by his conduct or statements waived the condition and impliedly assented to the sale of the mare by Joseph; or unless the plaintiff was guilty of such laches, or lack of due diligence, in claiming the mare after the note became due and his right of action accrued, as to defeat his right of recovery.

This court in the case of *Townsend v. Melvin*, 5 *Penn.* 504, 63 *Atl.* 333, said:

"When under the terms of one of these conditional contracts the vendor has a right to proceed and enforce it, that right must be exercised within a reasonable time. The vendor cannot lie by, but must resort to his remedy within the passing of the first term of court subsequent to the failure of payment, or at least by the second term after the default has been made."

But we say to you that notwithstanding the plaintiff did not resort to his writ of replevin by the second term of court after default in the payment of the note, he would be entitled to recover if having used due diligence to ascertain where the mare was, he was unable to locate her, so as to make the issuance of his writ effective; and he issued his writ as soon as practicable after he ascertained, or by the exercise of reasonable or due diligence might have ascertained in whose custody or keeping the mare was.

If you find for the plaintiff, your verdict must be either *de retorno habendo;* that is, for the return of the mare to the plaintiff, or for such sum as you think, from the evidence in this case, the mare was reasonably worth. Whether your verdict shall be for the return to the plaintiff of the property or for the value thereof, is for your determination, if you find for the plaintiff. If you find for the defendant, your verdict should be simply "We find for the defendant."

Verdict for plaintiff for the return of the mare.