## WEBSTER HALL CORPORATION OF AMERICA et al. v. CONTINENTAL BANK & TRUST CO. OF NEW YORK.
### No. 5076.

Circuit Court of Appeals, Third Circuit.
July 19, 1933.

W. D. Stewart, Earl F. Reed, and Thorp, Bostwick, Stewart & Reed, all of Pittsburgh, Pa., for appellants.

John G. Frazer, John C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the Continental Bank & Trust Company brought a bill in equity against the Webster Hall Corporation to enforce an alleged conditional sale contract covering furniture and fixtures of the latter in the possession of its receiver. The facts of this case are stated as follows by the trial judge:

"The sole issue in this case is the validity of a conditional-sale contract between the plaintiff, as seller, and defendant Webster Hall Corporation of America, as buyer of the furniture and furnishings of the Webster Hall Hotel in Pittsburgh, Pennsylvania. The validity of this contract, as between the parties, is not disputed; but the receiver defendants deny its validity as against the general creditors of the Webster Hall Corporation of America.

"The conditional-sale contract grew out of an agreement between the Webster Hall Corporation and S. W. Straus Company, Inc., dated November 25, 1925, wherein the Straus Company was to buy an issue of bonds in the sum of $1,650,000, to be secured by a mortgage to a trustee on real estate of the Webster Hall Corporation, with the understanding that the proceeds of the bonds were to be applied to the construction of a hotel building, and to furnishing the same. The title to the furniture in the hotel was to be placed in the name of the trustee under the mortgage, and was to remain in him until the bonds were fully paid off. This was to be accomplished by the assignment to the trustee of the contract for the purchase of the furniture, and then the execution and delivery of a conditional-sale contract between the trustee and the Webster Hall Corporation covering the furniture and furnishings of the hotel. This plan was carried out. On January 22, 1926, the Webster Hall Corporation entered into a written contract with Albert Pick & Company for this furniture and furnishings for the hotel. The same day the Webster Hall Corporation assigned this contract to the trustee. On January 27, 1926, the trustee paid $100,000 to Albert Pick & Company to apply on this furniture contract. Thereupon, the furniture-and-furnishings contract was carried out, and the furniture and furnishings were installed in the hotel. When this was accomplished, on or about December 7, 1926, Albert Pick & Company executed and delivered to the trustee a bill of sale of the furniture and furnishings.

"Then, on March 31, 1927, the conditional-sale contract involved in this suit between the trustee, as seller, and the Webster Hall Corporation, as buyer, was executed, delivered, and filed in the office of the Prothonotary of Allegheny County, Pennsylvania, in conformity with provisions of the Uniform Conditional Sales Act of Pennsylvania (69 PS § 361 et seq.).

"We hold this to be a valid conditional-sales contract under the Pennsylvania law.

"In the first place, this contract was executed and filed of record before any of the debts owed by the Webster Hall Corporation at the time of the appointment of receivers by this court came into existence, with the possible exception of Albert Pick & Company, who certainly are estopped from contesting its validity after execution and delivery to the trustee of a bill of sale for this furniture. All other persons dealing with the Webster Hall Corporation had notice of this conditional sale from the record."

In addition to the above, the opinion discussed in such detail all phases of the case that an opinion by this court would be an effort to state in other words what has been already referred to in detail. Confining ourselves to the underlying and decisive question in the case, namely the validity of the sales contract, we limit ourselves to saying we find the court rightly held it valid, and the decree enforcing it is accordingly affirmed.