## In re COLLINS HOSIERY MILLS, Inc.
### No. 19315.

District Court, E. D. Pennsylvania.
Feb. 4, 1937.

Harry A. Rutenberg, of Philadelphia, Pa., for debtor.

Before DICKINSON, KIRKPATRICK, WELSH, and MARIS, District Judges.

MARIS, District Judge.

In this case the debtor, which had previously filed a petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C. § 207, 11 U.S.C.A. § 207), filed with the special master a petition averring that it was unable to complete the plan of reorganization theretofore filed and that it was insolvent, and praying for an order to permit it to withdraw the plan and to be adjudicated a bankrupt and its estate liquidated. The special master held a hearing upon the petition after notice and filed his report recommending that the debtor be permitted to withdraw the plan of reorganization, that it be adjudicated a bankrupt, and that its trustee, heretofore appointed under section 77B, be directed to liquidate the estate. No exceptions having been filed to the special master's report, it will be confirmed. It remains to be considered, however, just how the liquidation of the estate shall be carried on.

Clause (8) of subdivision (c) of section 77B (11 U.S.C. § 207 (c) (8), 11 U.S.C.A. § 207 (c) (8), confers upon this court power, if a plan of reorganization which has been proposed is not confirmed and if the debtor has been found to be insolvent, after hearing to "direct the estate to be liquidated, or direct the trustee or trustees to liquidate the estate, appointing a trustee or trustees if none shall previously have been appointed, as the interests of the creditors and stockholders may equitably require."

Subdivision (k) of section 77B (11 U.S.C. § 207 (k), 11 U.S.C.A. § 207 (k), is as follows: "(k) If an order is entered directing the trustee or trustees to liquidate the estate pursuant to the provisions of clause (8) of subdivision (c) of this section: (1) The case may be referred to a referee as provided in section 22 [section 45 of this title], who shall be compensated as provided in section 40 [section 68 of this title]; (2) the first meeting of creditors shall be held as provided in section 55 [section 91 of this title], upon notice as provided in section 58 [section 94 of this title]; (3) a trustee or trustees shall be appointed as provided in section 44 [section 72 of this title], and be compensated as provided in section 48 [section 76 of this title]; (4) claims which are provable under section 63 [section 103 of this title] may be proved as provided in section 57 [section 93 of this title], except that the time within which proof may be made shall not expire until six months after the date of the last publication of the notice of the first meeting; (5) debts shall be entitled to priority as provided in section 64 [section 104 of this title]; (6) sales shall be made as provided in subdivision (b) of section 70 [section 110 of this title]; (7) dividends may be declared and paid as provided in section 65 [section 105 of this title]. None of the sections enumerated in this subdivision (k), except subdivisions (g), (i), (j), and (m) of section 57 [section 93 of this title], and subdivisions (a) and (e) of section 70 [section 110 of this title], shall apply to proceedings instituted under this section [79] unless and until an order has been entered directing the trustee or trustees to liquidate the estate. All other provisions of this Act [title], except such as are inconsistent with the provisions of this section [79], shall apply to proceedings instituted under this section, whether or not an order to liquidate the estate has been entered. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors'; 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this section; the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication, and such order shall have the same consequences and effect as an order of adjudication."

It will be seen that subdivision (c) (8) seems to contemplate two alternative decrees in case a liquidation is to take place; (a) A decree directing the estate to be liquidated, or (b) a decree directing the trustee or trustees to liquidate the estate, appointing a trustee or trustees if necessary. What is the difference between

them? While at first blush it would appear that the distinction, if any, is narrow and difficult to draw, nevertheless we must assume that the Congress in using these clauses in the alternative had a definite distinction in mind. To do otherwise would violate the cardinal rule of statutory construction that effect must be given, if possible, to every part of a statute and to each of its words. Browne v. Turner, 174 Mass. 150, 54 N.E. 510. Neither the debates of the Congress upon the measure nor the reports of its committees throw any light upon the subject. We must, therefore, determine the meaning from the language of the act itself and all its provisions. These we have carefully considered, not overlooking the apparently inadvertent use of these distinctive phrases as synonyms in the second and third sentences of subdivision (k), and we have come to the conclusion that clause (8) of subdivision (c) was intended by the Congress to authorize two distinct methods of liquidation. In our opinion the distinction is this:

A decree directing "the estate to be liquidated" is a decree for a liquidation under the equitable powers of the court in any manner which the court may direct consistent with those powers which are conferred upon it by subdivision (a) of section 77B (11 U.S.C. § 207 (a), 11 U.S.C.A. § 207 (a). That subdivision provides that the court in which a petition under the section is filed "shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature." In other words, under the power to direct "the estate to be liquidated," the court may provide for its liquidation in any manner which a federal court might prescribe in a proceeding in which it had appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature.

On the other hand, we think it clear that the power conferred by clause (8) of subdivision (c) to direct "the trustee or trustees to liquidate the estate" is to be exercised by the court sitting as a court of bankruptcy in accordance with the procedure laid down in subdivision (k) of section 77B, since the latter by its terms applies only to cases in which an order has been entered "directing the trustee or trustees to liquidate the estate pursuant to the provisions of clause (8) of subdivision (c)," and the rules of procedure it lays down are, broadly speaking, the rules applicable to ordinary bankruptcy liquidations under the other sections of the Bankruptcy Act. The first of the rules it lays down is that the case may be referred to a referee as provided in section 22 of the act (11 U.S.C.A. § 45). It will be seen that such reference is discretionary, and the question is raised as to whether the remaining requirements of the section, many of which are in terms mandatory, are to be followed only in case a reference is determined upon under clause (1), subd. (k). We think the answer to this question must be in the negative; to hold otherwise would be in effect to insert between clauses (1) and (2) of subdivision (k) the proviso that if and only if there is a reference to a referee as authorized in clause (1) the procedure laid down in the later clauses shall be followed. There is no such conditional clause in the act, however, and the conclusion is inescapable that in every case in which an order is entered directing the trustee or trustees to liquidate the estate the first meeting of creditors shall be held, a trustee or trustees shall be appointed and the other procedure laid down in the subdivision shall or may be followed as provided therein, whether or not the case has been referred to a referee. In this subdivision (k) is but following the scheme of the original Bankruptcy Act, section 22 (11 U.S.C.A. § 45), of which makes it optional in all bankruptcy cases for the court to refer the case to a referee or itself to supervise the administration of the estate, but makes it mandatory that a first meeting of creditors be called and a trustee or trustees elected. It necessarily follows that in all cases in which an order is entered directing the trustee appointed by the court in the proceeding under section 77B to liquidate the estate, the trustee occupies the same position as a receiver in an ordinary bankruptcy proceeding and is superseded by the trustee or trustees appointed at the first meeting of creditors pursuant to the provisions of clause (3) of subdivision (k). In re Chez Marianne, Inc. (D.C.) 15 F.Supp. 326. It will be apparent that while the act contemplates that the procedure outlined in subdivision (k) may be supervised by the court without reference to a referee, it

also prescribes creditor control of the proceedings in the manner provided by the other sections of the act referred to in the subdivision. It is clear that such a proceeding may ordinarily be supervised by a referee much more effectively than by the court, consequently a reference of such cases should undoubtedly be the rule and conduct thereof by the court the rare exception to be followed only in cases having most unusual circumstances.

We, therefore, conclude that two methods of liquidation are available under section 77B: (a) A liquidation under its equitable powers in any manner which the court may properly prescribe in a decree directing "the estate to be liquidated"; and (b) a liquidation under creditor control following the procedure set forth in subdivision (k) pursuant to a decree directing "the trustee * * * to liquidate the estate." In our opinion the liquidation under the equitable powers of the court should take place only where exceptional circumstances demand it. The ordinary procedure should be a liquidation by trustees under creditor control and supervised by a referee as provided in subdivision (k). In the present case the debtor requests that a decree be entered directing the trustee to liquidate the estate, and the special master so recommends. The debtor further requests that the matter be referred to a referee pursuant to subdivision (k). There being no special circumstances calling for a liquidation by the court under its equitable powers, we are constrained to approve the request of the debtor and the recommendation of the special master.

A decree may be entered in accordance with this opinion.