## In re COLLINS HOSIERY MILLS, Inc.

No. 19315.

District Court, E. D. Pennsylvania.
May 25, 1937.

H. H. Cohen, of Philadelphia, Pa., for petitioner.

Harry A. Rutenberg, of Philadelphia, Pa., for trustee.

MARIS, District Judge.

This matter now comes before us upon the petition of Fair Form Full Fashioned Hosiery Mills, Inc., to review the order of the referee dismissing its petition to reclaim from the trustee certain machinery, fixtures, and equipment sold by petitioner to Edward Glasser by conditional sale on February 15, 1935, and which were in the possession of the debtor when its petition under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207), was filed. The facts may be summarized as follows:

The petitioner, desiring to sell the machinery, fixtures, and equipment contained in its hosiery plant located at Collins and Westmoreland streets, Philadelphia, advertised in a newspaper in December, 1934. Edward Glasser answered the advertisement and on January 23, 1935, made a written offer to purchase the said equipment for $7,875. This offer was accompanied by a cash deposit of $200 put up by Glasser. At the time Glasser informed Louis J. Wertlieb, secretary and treasurer of petitioner, that he did not have the money to settle, but was willing to risk his deposit on his ability to raise the money necessary. Subsequently he interested Josef Jaffe, a lawyer, and Max Herman, and it was agreed to organize a corporation to be known as Collins Hosiery Mills, Inc., into which Herman would invest funds as a stockholder. On February 13, 1935, the articles of incorporation were signed by Jaffe, Glasser, and one Finestone and forwarded to the Department of State at Harrisburg. The certificate of incorporation was, however, not received until February 18th and the affidavit of paid-in capital required to be filed by the Pennsylvania Business Corporation Law (15 P.S.Pa. § 2852—1 et seq.) before the corporation could commence business was not filed until March 10th. The corporation thus formed is the debtor in this case.

Meanwhile a meeting was held in the office of counsel for the petitioner on February 15th attended by Jaffe and Glasser, as well as by petitioner's officers and counsel. At that meeting petitioner's officers were informed that application for the charter of the debtor had been made, but that the same had not yet been issued and that it was intended that the corporation should take over the agreement of Glasser to purchase the petitioner's equipment. A contract for the conditional sale of the equipment was thereupon prepared. Jaffe proposed that the prospective corporation should be named therein as buyer, but counsel for the petitioner objected to this because the charter had not yet been issued and insisted that Glasser be named as buyer. Jaffe then suggested that a clause should be inserted in the contract that would enable the corporation to become assignee and the following language was agreed upon and inserted: "The purchaser agrees that no transfer, renewal or extension or assignment of this contract or any interest thereunder or loss, injury or destruction of said property shall release the purchaser from his obligation thereunder. In the event of assignment by the seller, the assignee shall be entitled to all the rights of the seller."

The conditional sale contract, dated February 15, 1935, was thereupon executed by the officers of the petitioner as vendor and by Glasser as vendee, and Jaffe delivered to petitioner his check for $1,000, which had been advanced by Herman to the funds of the proposed corporation. The contract was filed in the prothonotary's office of Philadelphia county on February 20th. Immediately after the sale Glasser took possession of the machinery, fixtures, and equipment sold and secured a lease of the premises in which they were located. In signing the contract, taking possession of the equipment, and securing the lease, Glasser did not intend to act for himself alone but contemplated transferring the contract and lease and the possession of the equipment to the corporation after it had been incorporated and had commenced business. On March 1, 1935, after it had been incorporated, the debtor corporation ratified and adopted as its own the conditional sale contract and lease of the real estate made by Glasser, who then became its president and transferred his interest therein to it, and the corporation then went into possession of the equipment.

The petitioner knew of the incorporation of the debtor and knew that it had assumed the obligations of the contract and had taken possession of the equipment. Thereafter all payments made under the contract on account of the purchase price were made by the debtor corporation and not by Glasser and this was known by the petitioner. These payments were continued until the payment due March 15, 1936, which payment and all subsequent ones were defaulted. Petitioner made no effort to repossess the equipment by reason of these defaults prior to the filing by the debtor of its petition under section 77B on June 4, 1936. On November 16, 1936, petitioner filed its petition for the reclamation of the equipment covered by the conditional sale agreement, claiming title and right of possession thereto under the agreement. The petition was subsequently dismissed by the referee and it is this action we are called upon to review. On February 4, 1937, this court directed the trustee to liquidate the debtor under subdivision (k) of section 77B (11 U.S.C.A. § 207 (k). In re Collins Hosiery Mills, Inc. (D.C.) 18 F.Supp. 89.

502

The conditional sale contract involved in this case reserved title in the seller until full payment of the purchase price and it was filed in the prothonotary's office pursuant to the provisions of the Uniform Conditional Sales Act of Pennsylvania (69 P. S.Pa. chap. 2, § 361 et seq.). The rights of the parties are, therefore, to be determined from a consideration of that act. In determining these rights we are confronted at the outset by the preliminary question whether Glasser was the buyer of the goods within the meaning of the act? If he was not the buyer but merely the agent or nominee for an undisclosed buyer who was known to the seller the latter would not be entitled to the protection of the act and under the common law of Pennsylvania, which abhors a secret lien, the petitioner would not be entitled to enforce its claim against the debtor or its trustee. In re Mineral Lac Paint Co. (D.C.) 17 F.Supp. 1, affirmed sub nom. Salkind v. DuBois (C.C.A.) — F.(2d) —,[1] May 10, 1937.

Was Glasser merely an agent for an undisclosed buyer when he signed the conditional sale contract? If he was it must have been for the debtor corporation that he acted as agent. But that corporation was not then in being and, therefore, as the referee pointed out, it could not have had an agent. It is clear that Glasser, when he entered into the conditional sale contract, had in mind that he was doing so for the benefit of the corporation which he and others were then in the process of organizing. We think it equally clear, however, that he was at the time acting as a principal and intended binding himself personally by the contract which he signed. As was said in O'Rorke v. Geary, 207 Pa. 240, 242, 56 A. 541, 542: "When a party is acting for a proposed corporation, he cannot, of course, bind it by anything he does at the time, but he may (1) take on its behalf an offer from the other, which being accepted after the formation of the company, becomes a contract; (2) make a contract at the time binding himself, with the stipulation or understanding that if a company is formed it will take his place, and that then he shall be relieved of responsibility; or (3) bind himself personally without more, and look to the proposed company, when formed, for indemnity."

▆ In the present case Glasser comes within the third class mentioned by the court. He undoubtedly entered into a binding contract, but it contained no provision authorizing the corporation when formed to be substituted in his place in relief of his liability. On the contrary the contract definitely provided that in case he should transfer or assign it his personal obligation would continue. He had at the most but a right of indemnity from the newly formed corporation. We, therefore, conclude that Glasser was the buyer of the goods as that term is defined in the act.

This brings us to the second question upon which the determination of the case depends. The referee properly found that the petitioner as conditional seller complied with all the formalities required by the Uniform Conditional Sales Act. The contract was made with Glasser as buyer. The machinery, fixtures, and equipment sold were delivered to him as buyer and within ten days the contract was filed in the prothonotary's office and duly indexed. Under these circumstances was the petitioner's title as conditional vendor valid and enforceable as against the trustee of the debtor which was a transferee of the buyer? Or, in other words, does the Uniform Conditional Sales Act protect the title of the seller who has duly filed his contract against the claim of a lien creditor of a third party to whom the buyer has sold or transferred his interest in the goods under the contract?

Section 4 of the act (69 P.S.Pa. § 401) is as follows: "Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

▆ It will be seen that this section is most comprehensive. It declares that the provisions of a conditional sale reserving title shall be valid as to all persons, except as otherwise provided in the act. It is a legislative declaration which completely reverses the common law of Pennsylvania. Whereas, ever since Martin v. Mathiot; 14 Serg. & R. 214, 16 Am.Dec. 491, the Supreme Court of Pennsylvania has condemned such contracts and declared them invalid as against innocent purchasers from and lien creditors of the vendee, this act now declares it to be the law of Pennsylvania that a conditional sale contract is presumptively valid as against all the world, and any one attacking its validity must show that his case falls within one of the exceptions men-

---

[1] Petition for rehearing pending at date of publication.

tioned in the act. Continental Bank & Trust Co. v. Webster Hall Corporation (D.C.) 4 F.Supp. 337, affirmed sub nom. Webster Hall Corporation v. Continental Bank & Trust Co. (C.C.A.) 66 F.(2d) 558. That this is the purpose of the act also clearly appears from another of its provisions. Section 30 (69 P.S.Pa. § 503) declares that the general purpose of the act is to make uniform the law of those states which enact it. There can be no question but that conditional sale contracts have been held to be presumptively valid and enforceable in the vast majority of American jurisdictions. 55 C.J. Sales, §§ 1230, 1233; Weinstein v. Freyer, 93 Ala. 257, 9 So. 285, 12 L.R.A. 700, and note, in which the cases are collected; Lingo v. Abbott, 3 Boyce (26 Del.) 413, 84 A. 950; Coggill v. Hartford, etc., R. Co., 3 Gray (69 Mass.) 545; Marvin Safe Co. v. Norton, 48 N.J.Law, 410, 7 A. 418, 57 Am.Rep. 566; Austin v. Dye, 46 N.Y. 500. Pennsylvania and a very few other states have been the only important exceptions. It thus becomes doubly clear that the purpose of the act was to bring the law of Pennsylvania upon this subject into harmony with that of the majority of her sister states.

But if, as section 4 of the act declares (69 P.S.Pa. § 401), the provision in the conditional sale contract here involved reserving title in the petitioner after delivery of possession of the goods to Glasser was valid as to all persons not coming within the exceptions contained in the act, it follows that it was valid as to the trustee of the debtor in this case unless some other provision of the act renders the contract void as to him. What are the other provisions? An examination of the act shows that they are contained in sections 5, 7 (as amended by P. L.1927, P. 979, § 2), and 14 (69 P.S.Pa. §§ 402, 404, 432). Section 5 provides that "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale." Section 7 relates to goods to be attached to realty and has no application to this case. Section 14 relates to goods removed by the buyer from the filing district. It also has

no present application. These are the exceptions referred to in section 4 of the act (69 P.S.Pa. § 401) and consequently, except for cases coming within these particular provisions, the reservation of title in a conditional sales contract after the delivery of possession to the buyer is valid as to the world. These provisions, however, all relate only to the case of the failure of the seller to file the contract in the manner required by the act. In the case before us the referee has found that the contract was filed in full compliance with the provisions of the act. We think it necessarily follows that the reservation of title in the petitioner after delivery of the goods to the buyer, Glasser, was valid as to all persons, among them the trustee under section 77B of a transferee from Glasser.

Stress has been laid by the trustee upon the fact that the Uniform Conditional Sales Act contains no provision for recording an assignment or a transfer of the contract by the buyer and that consequently creditors of or purchasers from a transferee having possession of the goods are not in fact given notice of the reservation of the title since the contract is not indexed against the transferee. It is apparent that this may prove a hardship in many cases. It is, however, a complaint to be addressed to the Legislature. Since the statute by plain and unambiguous terms has declared that a duly filed conditional sale contract is valid as against all persons whatsoever including creditors of and purchasers from a transferee of the original buyer, it is our duty to give effect to its terms. It may be pointed out, however, that the hardship is no greater than in the case of a bailment lease contract. These have long been upheld in Pennsylvania under substantially similar circumstances.

We accordingly conclude that the reservation by the petitioner of title to the machinery, fixtures, and equipment conditionally sold to Glasser is valid as to the trustee of the debtor in possession thereof and its petition for the reclamation thereof should, therefore, have been granted.

The petition for review is sustained, the order of the referee is reversed, and the petition of Fair Form Full Fashioned Hosiery Mills, Inc., for the reclamation of the machinery, fixtures, and equipment therein mentioned is granted.